No. 90-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

LESTER NORMAN,

       Claimant/Appellant,

v.

CITY OF WHITEFISH,

       Employer,

and

CITY OF WHITEFISH,

       Defendant/Respondent.

FILED

JUN - 4 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Workers' Compensation Court
                The Honorable Timothy W. Reardon, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              John H. Bothe, Bothe & Lauridsen,
              Columbia Falls, Montana

       For Respondent:

              Oiver H. Goe, Browning, Kaleczyc, Berry
              & Hoven, Helena, Montana

                    Submitted on Briefs: February 28, 1991

                          Decided: June 4, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Claimant Lester Norman appeals from an order of the Workers' Compensation Court denying him temporary total disability benefits.

We affirm.

Two issues are raised on appeal:

1. Whether substantial credible evidence supports the Workers' Compensation Court's finding that claimant's current condition is not causally related to his injury of February 12, 1987; and

2. Whether the court's order on rehearing is inconsistent with its prior findings and conclusions regarding the causal relationship between claimant's current condition and the February 12, 1987, injury.

Claimant Lester Norman was employed as a police officer for the City of Whitefish from 1969 until 1975, and again from 1979 until 1988, when he voluntarily left the force. Norman suffered compensable auto accident injuries on November 16, 1980, and February 12, 1987. He timely reported both injuries and filed appropriate claim forms. He suffered no immediate wage loss from either accident. Following the February 1987 accident, Norman continued to work until March 1988, when he quit due to what he characterized as a "nervous breakdown." He subsequently pursued disability retirement benefits, claiming his disability was from stress. No mention was made of any disability related to the February 12, 1987, auto accident.

On or about December 5, 1989, Norman filed a petition for hearing with the Workers' Compensation Court, alleging that the City of Whitefish was liable for his accident of February 12, 1987. When the matter was heard in March 1990, the issues presented were: (1) whether Norman's current cervical condition is related to the February 12, 1987, accident; (2) if it is related, whether Norman is entitled to temporary total disability benefits and medical benefits; and (3) whether he is entitled to a 20 percent delay increase. The court found, in August 1990, that Norman had failed to prove that his current inability to work was proximately caused by his February 12, 1987, auto accident, and that therefore, he was not entitled to temporary total disability benefits, or fees, costs, or penalty.

Norman then filed a motion for clarification, requesting the court to order the City of Whitefish to accept liability for his current cervical condition and pay medical benefits accordingly. The court classified Norman's motion for clarification as a motion for rehearing and denied it on the basis of its former finding that Norman lacked the requisite credibility to support a finding that the February 12, 1987, injury was medically related to his current cervical complaints. Norman appeals from that denial.

Does substantial credible evidence support the Workers' Compensation Court's finding that the claimant's current condition is not causally related to his injury of February 12, 1987?

The general rule is that the findings of the Workers' Compensation Court will not be overturned on appeal if substantial evidence supports them. Nelson v. ASARCO, Inc., 227 Mont. 272, 277, 739 P.2d 943, 946 (1987). Norman claims that he presented substantial evidence to show that the February 1987 accident, which occurred while he was working for the City of Whitefish, aggravated a pre-existing shoulder and back condition. He states that it is that condition which now prevents him from working, and that therefore, the City of Whitefish should be held liable. He argues that because his evidence was substantial and credible, the Workers' Compensation Court's decision not to grant benefits must have been erroneous.

Liability in workers' compensation cases is defined in § 39-71-407, MCA (1985):

> Every insurer is liable for the payment of compensation, in the manner and to the extent hereinafter provided, to an employee of an employer it insures who receives an injury arising out of and in the course of his employment or, in the case of his death from such injury, to his beneficiaries, if any.

An "injury" is defined as:

> [A] tangible happening of a traumatic nature from an unexpected cause or unusual strain resulting in either external or internal physical harm and such physical condition as a result therefrom . . . .

Section 39-71-119(1), MCA (1985). Norman reads these statutes together and reasons that because he had an injury and now claims a resultant physical condition the City is liable under § 39-71-407, MCA (1985).

4

A review of the evidence does not yield the result Norman now urges the Court to reach. The following excerpts of findings and conclusions by the Workers' Compensation Court support its conclusion that the claimant is not entitled to benefits because he has failed to show a nexus between his 1987 injury and his present complaint:

1. The claimant was referred to a psychiatrist in February 1987 and was diagnosed with "generalized anxiety disorder and psychological factors influencing physical condition."

2. Claimant expressed symptoms of worsening stress and anxiety in 1988, which eventually led him to quit the police force.

3. By October 1988, Norman's psychiatrist indicated that Norman could return to work. By November 1988, the psychiatrist revised his opinion based on a report by another doctor that Norman had suffered another anxiety episode leading to an emergency room visit.

4. In the summer of 1989, a neurosurgeon diagnosed a herniated disc in Norman's neck, which he stated was related to the auto accidents he had suffered in 1980 and 1987. On cross-examination in his deposition, the neurosurgeon stated that his opinion relating Norman's cervical problems to his auto accidents was entirely dependent on the history related by Norman some two years after the fact. He further stated that the condition he diagnosed could be caused by trauma or by aging.

5. Norman was treated extensively by another doctor for his cervical complaints. His visits increased following the February 1987 accident, but at no time did the doctor advise Norman to quit work due to his physical problems.

6. During calendar year 1988, Norman's claim for disability retirement benefits named stress as his disability.

7. The evidence is overwhelming that claimant's anxiety disorder is his predominant disabling condition.

The City of Whitefish does not dispute that it must pay all medical and wage loss benefits to which Norman is entitled as a result of his February 1987 injury. However, the record shows that his present disability is stress or anxiety related. Because Norman has failed to show that the 1987 injury caused the condition which now results in his total loss of wages, and because the findings and conclusions of the Workers' Compensation Court are supported by substantial credible evidence, the City of Whitefish is not liable for Norman's present disability.

Is the court's order on rehearing inconsistent with its prior findings and conclusions regarding the causal relationship between Norman's current condition and the February 12, 1987, injury?

The court's original order of August 23, 1990, stated as part of Conclusion of Law No. 3:

Dr. Mahnke did diagnose two disk level problems which would require surgery. The Court does feel that given Dr. Mahnke's report, plus Dr. Wensel's office notes reflecting an increase in the number of visits claimant made for chiropractic manipulation following the

6

> February 12, 1987 auto accident, that claimant may well
> have a disability related to that event.

Norman maintains that the court's decision on the motion for rehearing on October 4, 1990, was inconsistent with the above conclusion, and therefore, this Court should direct the lower court to conform its judgment to the findings and conclusions, or vacate the judgment and remand to the lower court for more specific findings and consistent conclusions.

When read in their entirety, the August 1990 and October 1990 decisions of the Workers' Compensation Court are specific and consistent. The above conclusion in the August order additionally states that:

> However, in order to be entitled to total disability
> benefits, the accident must cause the condition which
> results in claimant's total loss of wages. Claimant has
> not met that burden.

The October order states that:

> The prior ruling, in the Conclusions of Law, notes that
> claimant may well have some entitlement under the ACT for
> that February 12, 1987 event but that his lack of
> credibility fails to support a determination medically
> that claimant's current cervical complaints can be
> related to the February 12, 1987 accident. In short, he
> failed to meet the requisite burden of proof in that
> regard.

The orders are consistent in their rationale that although Norman may have suffered a compensable injury in 1987, and that injury may be related to his current cervical problems, he has not shown in any respect that his total inability to work now is a result of the 1987 injury. His failure to prove the causal

7

connection between injury and inability to work relieves the City of Whitefish of liability for his present total disability.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices